# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 1:16-mj-0867 |
| | ) | |
| CHRISTIAN CHAPMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING MOTION FOR REVOCATION OF RELEASE ORDER

This matter is before the Court on the Government's request that the Court conduct a *de novo* review of the Magistrate Judge's Order permitting pretrial release of Defendant Christian Chapman ("Chapman").  Pursuant to 18 U.S.C. § 3145(a), the District Court Judge has reviewed the Magistrate Judge's Order Setting Conditions of Release (Filing No. 10) and Minute Order (Filing No. 11), entered on the record on November 23, 2016.  The Court has reviewed a transcript of the proceedings held on November 23, 2016, the pretrial services report ("PS3") prepared by the United States Probation Office, and has considered the Government's Motion for Review of Release Order (Filing No. 12), as well as testimony, proffers, exhibits and argument submitted at the November 28, 2016 hearing.  The Court finds that Chapman has not overcome the burden of production to show that he is not a danger to the community.  Even if Chapman were able to overcome his burden, the Government has offered sufficient evidence that there are no conditions or combination of conditions which would overcome the unacceptable risk that Chapman's release poses a danger to any person or the community.   Accordingly, the Government's Motion for Revocation of Release Order is **GRANTED.**

## I.   BACKGROUND

On November 18, 2016, Chapman was charged by Complaint with one count of violating Title 21, United States Code, Sections 841 and 846 by conspiring to possess with intent to distribute and to distribute 500 grams or more of methamphetamine.  Chapman waived his right to a preliminary hearing and probable cause was found.  The Government orally moved for pretrial detention pending trial pursuant to Title 18, United States Code, Section 3142(f)(1)(B) and (C), on the basis that Chapman is charged with an offense under the Controlled Substance Act for which the maximum penalty is ten years or more.  The parties agreed that there is a rebuttable presumption for detention given the charges and that defendant is tasked with bringing forward evidence that he is not a risk of flight or danger to the community.

The Magistrate Judge conducted a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of the statute would reasonably assure the appearance of Chapman as required and the safety of any other person and the community.  At the detention hearing, the Magistrate Judge found the Government had not shown by clear and convincing evidence that there was no combination of conditions that could reasonably assure the safety of others or the community and Chapman was ordered released under certain conditions. The Government moved for a stay of the Magistrate Judge's order pending *de novo* review by the District Court Judge.

## II.   FINDINGS OF FACT

Chapman has presented evidence that he has significant ties to the community.  He is a lifelong resident of either Edgar County, Illinois or Vermillion County, Indiana and currently resides in Clinton, Indiana with his girlfriend and 16 year old son.  He has no verified employment history, but reports that he is self-employed selling antiques.  He reports no mental health issues, however he suffers from Crohn's disease. Chapman has no history of violence in his criminal

2

history.  He has three prior felony convictions involving controlled substances: a 1993 felony conviction for manufacture/delivery of cannabis; a 1993 felony conviction for Possessing a Schedule I/II Controlled Substance; and a 2000 conviction for three counts of Possession of a Schedule I, II, or III Controlled Substance.  His last known felony conviction was over 16 years ago.  On November 1, 2016, Chapman was arrested and charged in Edgar County, for felony Possession of Methamphetamine and paraphernalia.  He posted a $1,500.00 cash bond and was released from custody on November 2 or November 3, 2016.  Chapman was arrested for dealing in controlled substances (the instant offense) on November 17, 2016 in Clinton, Indiana.  At the time of his arrest, Chapman tested positive for cocaine and amphetamines.

At the hearing before this Court, the Government presented evidence of the nature and circumstances of the offenses charged.  The weight of evidence against Chapman is as follows: An investigation commenced in February 2016 which involved court authorized interception of several cellular telephones.  Chapman was intercepted at various times over the course of the investigation engaging in drug trafficking.  On November 17, 2016, forty federal search warrants were executed in furtherance of the ongoing wiretap investigation, including at Chapman's home. When officers executed a search warrant at Chapman's residence they observed him throw an ounce (approximately 28 grams) of methamphetamine on the ground.  Also within the residence, officers found approximately two pounds of marijuana and three firearms.  The firearms were unloaded and there were several rounds of ammunition found in the residence.  Officers also found scales, a pipe, and corner cut baggies in the residence.  Chapman's girlfriend is the owner of one of the three firearms.  At the time of his arrest, Chapman admitted that he had been purchasing methamphetamine on multiple occasions, receiving between half pound and one and a half pound quantities each time.

3

The Government also presented evidence from Vermillion County Sheriff's Detective Chad Hennis ("Det. Hennis") regarding Chapman's ongoing drug trafficking activity in Vermillion County.

The Court finds the Government's argument to be credible and persuasive. The Court is not convinced by clear and convincing evidence that Chapman would abide by any conditions of release to protect others from the dangerous criminal activity of drug possession and trafficking.

### III.   CONCLUSIONS OF LAW

Detention may be based on a showing of either dangerousness or risk of flight; proof of both is not required. *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985). With respect to reasonably assuring the safety of any other person and the community, the Government bears the burden of proving its allegations by clear and convincing evidence. 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739, 742, 107 S.Ct. 2095, 2099, 95 L.Ed.2d 697 (1987); *Portes*, 786 F.2d at 764; *Orta*, 760 F.2d at 891 & n. 18; *Leibowitz*, 652 F. Supp. at 596; *United States v. Knight*, 636 F.Supp. 1462, 1465 (S.D. Fla. 1986). Clear and convincing evidence is something more than a preponderance of the evidence but less than proof beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 43 1-33, 99 S.Ct. 1804, 1812-13, 60 L.Ed.2d 323 (1979).

In determining whether there are conditions of release that will reasonably assure a defendant's appearance and the safety of any other person and the community, the Court must take into account the following factors under 18 U.S.C. § 3142(g):

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . ;

(2) the weight of the evidence against the accused;

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g)(1)-(3)(A), (B), and (4).

The Court has considered the evidence presented on the issue of release or detention and weighed both in accordance with the factors set forth in 18 U.S.C. § 3142(g) and the legal standards set forth above.   Among the factors presented for the Court's consideration is Chapman's character, family ties, employment, length of residence in the community, community ties, past conduct, and criminal history.   *See* 18 U.S.C. § 3142(g)(3)(A).   However, the presence of community ties and related ties have been found to have no correlation with the issue of safety of the community.   *United States v. Delker*, 757 F.2d 1390, 1396 (3rd Cir. 1985); S.Rep. No. 98- 225, 98th Cong., 1st Sess. at 24, reprinted in 1984 U.S. Code Cong. & Admin. News 3182, 3207-08.

The Court finds the Government has shown by clear and convincing evidence that Chapman presents a danger to the community and a danger to the safety of any other person in the community.   Specifically, the Court has considered the nature and circumstances of the offense charged.   Chapman was intercepted at various times during the investigation planning to meet and purchase methamphetamine for sale.   Chapman admitted that he had purchased methamphetamine on multiple occasions receiving between a half pound and up to one and a half pound quantities each time.   A search of his home recovered a large quantity of methamphetamine, as well as marijuana and cash.   Chapman is a three time convicted felon of controlled substance offenses. Three unloaded firearms, two of which belonged to Chapman, were located in Chapman's home,

along with some ammunition.   The ammunition consisted of a three-quarter full can of ammunition, a magazine with three rounds on the dresser and ammunition on the kitchen cabinet. The weight of the evidence against Chapman is strong and favors detention.  18 U.S.C. § 3142 (g)(2).

Chapman has a history relating to drug trafficking in his community, dating back to 1993 when he was convicted of manufacture/delivery of cannabis 30-500 grams.  More recently, Chapman was arrested on November 1, 2016 for possession of methamphetamine and paraphernalia, wherein digital scales, cutting agents and large quantities of cash were allegedly located in Chapman's black Ford truck.  Further, Det. Hennis testified that over the past six months, neighbors have complained to the drug task force of heavy traffic of persons in and out of Chapman's residence.  In June 2016, following a heroin overdose death in Vermillion County, officers received a call that Chapman is the person who supplied the heroin.  On October 16, 2016, a subject was found passed out behind the wheel of his vehicle with a heroin needle in his arm. The vehicle was within one half block of Chapman's residence.  After coming out of a coma, that person informed law enforcement officers that Chapman supplied him with the heroin.  On three recent occasions, Chapman was found by law enforcement to have on or near his possession, large sums of cash.  During a traffic stop in September/October 2016, $3,000.00 cash was found in a brown paper bag located in Chapman's vehicle. In July 2016, during a traffic stop, $9,000.00 cash was found in Chapman's vehicle.  During his November 1, 2016 arrest, $2,161.00 cash was found in Chapman's wallet once it was removed from his pocket.

Although there is no evidence that the firearms were used in connection with the instant methamphetamine trafficking, the fact that the firearms and large quantities of methamphetamine, marijuana and cash were located in his current residence where his teenage son resides, and that

he continued to possess methamphetamine while released on bond following his November 1,

2016 arrest for possession of methamphetamine, are of concern to the Court. The Court is

persuaded by the Government's argument that Chapman has continued to possess and sell

methamphetamine and continued to use cocaine while on bond for a drug offense and that home

incarceration or other conditions of release would not be sufficient to prevent future danger. While

the Court does not find that Chapman presents a risk of flight, it does find that he presents a danger.

Based on Chapman's history, characteristics, past and present conduct, the Court finds that no

conditions or combination of conditions exist which would overcome the unacceptable risk that

Chapman's release poses a danger to any person or the community.

## IV.   ORDER

For the reasons stated above, the District Court's *de novo* determination is that the

Government has met its burden of proof and the Government's Motion for Revocation of Release

Order (Filing No. 12) is **GRANTED**. Chapman is remanded to the custody of the United States

Marshal pending trial or other disposition of this matter.

**SO ORDERED.**

Date: 11/28/2016

DISTRIBUTION:

Brent Westerfeld
blwesterfeld@gmail.com

Michelle Brady
UNITED STATES ATTORNEY'S OFFICE
michelle.brady@usdoj.gov

United States Marshal

United States Probation Office

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana